REICKHOFF v. BRECHT ET UX.

1. **Practice in the Supreme Court:** TRIAL DE NOVO. Before the modification of section 2742 of the Code, a case was not triable *de novo* unless a motion or order for a trial upon written evidence was made at the appearance term.

2. **Trust:** PURCHASE OF PROPERTY BY ATTORNEY. Where an attorney, employed to foreclose a mortgage, purchases the property covered thereby at the sale under the mortgage, he is presumed to make such purchase as the trustee of his client, and the burden of disproving the trust relation rests upon the party claiming through the attorney as the absolute purchaser and owner.

*Appeal from Tama District Court.*

TUESDAY, OCTOBER 7.

ON the 5th day of March, 1858, P. S. Baldy and Isaac Baldy, being seized in fee of certain real estate in Tama

county, mortgaged the same to Christian Baldy to secure their indebtedness to him of one thousand six hundred dollars. In January, 1860, said indebtedness being due and unpaid, Christian Baldy employed Isaac L. Allen, an attorney at law, to foreclose said mortgage and collect the amount due thereon. Allen foreclosed the mortgage, and obtained an order for the sale of said real estate, February 2, 1860. A special execution was issued for the sale of sufficient of the premises to satisfy the judgment and costs. At the sheriff's sale of said lands, which occurred on the 7th day of April, 1860, said Allen bid off the real estate in controversy in this action for the sum of five hundred dollars. On the 18th day of April, 1860, the sheriff executed to said Allen a deed for said premises in pursuance of said sale, and on the same day Allen, by his quit-claim deed, conveyed said premises to said Christian Baldy for an expressed consideration of five hundred dollars. On the 26th day of June, 1861, Christian Baldy and wife conveyed said land to the defendant Adam Brecht by their deed, with covenants of general warranty, and Brecht has ever since that time retained the possession and paid the taxes thereon. At the time Allen made his quit-claim deed to Christian Baldy he (Allen) was a married man, and his wife, Eliza A. Allen, did not join in the deed. Allen died in December, 1868, and left said Eliza A. Allen surviving him as his widow. On the 12th day of October, 1876, Eliza A. Allen, by her deed of that date, quit-claimed to the plaintiff all her interest in the land in controversy, and a large amount of other real estate, for an expressed consideration of one dollar; and plaintiff thereupon made demand of the defendants that the dower interest of said widow be set apart to him. This being refused he commenced this action to recover said dower interest. The defendants averred, in substance, that Isaac L. Allen purchased said land at sheriff's sale in trust for his client, Christian Baldy, and that Eliza A. Allen had no dower interest therein. Upon a trial to the court there was a decree entered dismissing the

plaintiff's petition and quieting the defendants' title to the land.   Plaintiff appeals.

*Struble & Kinne,* for appellant.

*D. D. Applegate* and *C. B. Bradshaw,* for appellees.

ROTHROCK, J.—I.   There is a controversy as to whether the action is triable anew in this court.   The trial was had in March, 1878, before the repeal or modification of section 2742 of the Code took effect.   It does not appear, from the record before us, that there was any motion or order at the appearance term, or at any other time, to have the cause tried upon written evidence, and it does not appear that it was so tried, or that the evidence was certified by the judge.   It is true that the appellant recites in his abstract that there was such an order, and that the proper certificate was made, but the appellee denies the correctness of such recital, and sets forth the record, from which it seems no motion or order was made, and it appears from the decree that thirty days was allowed to settle a bill of exceptions.   Under these circumstances the cause is not triable anew here.

<div style="margin-left:2em">1. PRACTICE in the supreme court: trial de novo.</div>

II.   The appellant assigns errors, and upon such assignments alone the case will be considered.   That Isaac L. Allen was the attorney of record for Christian Baldy when he purchased the real estate is conceded.   The real estate, or rather the foreclosure of the mortgage thereon, was the subject of Allen's employment as attorney.   In Perry on Trusts, § 202, it is said: "The client is so completely in the hands of the attorney, in relation to the subject-matter of litigation, that it would be impossible for him to enter into a free and fair contract in regard to it.   Besides, it is against the policy of the law that attorneys should obtain interests in litigated claims, and exercise their offices under such influences of gain.   In all cases the burden is upon the attorney making a purchase of

<div style="margin-left:2em">2. TRUST: purchase of property by attorney.</div>

a client to vindicate the transaction from all suspicion, and if the attorney cannot produce evidence that puts the transaction clearly beyond all doubt or question it will be set aside, or he will be converted into a trustee."

In *Harper v. Perry*, 28 Iowa, 58, it is said, in discussing the same rule: "The application of this rule forbids the attorney to purchase, against the interest of his client, property sold in the course of litigation in which he is retained; and such sales will be held void, or the attorney will be held as the trustee of his client, and required to account as such."

Other citations might be made from the highest authority to the same effect, but it is unnecessary. It is but the announcement of a rule long established, and which finds the strongest support not only in the law, but in good morals.

The plaintiff in this action claims under the deed and sale made to Allen. If Allen took as a mere trustee of Christian Baldy, he had no beneficial interest in the land of which his widow could be endowed. The burden is on the plaintiff to show that Allen's purchase of the subject of the litigation was free from suspicion. This he does not attempt to do, except by claiming that the recitals in the deed of a consideration of five hundred dollars, as paid by Allen to the sheriff, and by Christian Baldy to Allen, is *prima facie* evidence that such sums were actually paid. But this not enough. Suppose Allen did pay five hundred dollars of his own money to the sheriff. It was a purchase that *prima facie*, to say the least, was for the benefit of his client, and by which he became the mere trustee of Baldy. That Allen and Baldy so understood the transaction is strongly evidenced by the fact that at the very same time the sheriff conveyed to Allen he conveyed to Baldy. That Baldy understood he was acquiring the whole title by his deed there can be no doubt, for he afterward conveyed the land by a deed, with full covenants of warranty.

The sheriff who made the sale, and the clerk of the court, at that time, were examined as witnesses upon the trial. The clerk testified that, after the sale, the sheriff paid no

money to him, except the costs. The sheriff testified, not so much from his recollection as from the fact that he paid no money to the clerk, that Allen paid no part of the debt to him. This evidence tended to show that the purchase by Allen, in his name, was for the benefit of his client. In the course of the examination of these witnesses they were asked by defendant's counsel if Allen was not, at that time, accustomed to bid in land at sheriff's sales, for his clients. These questions were objected to, and the objections were overruled. Appellant complains of this ruling. We are inclined to think the ruling was incorrect. But, in view of the fact that, in answer to these questions, the witnesses, although stating that such was Allen's mode of doing business, were unable to give any instance in which he so did, the evidence was of little or no consequence in the case. Even if they had answered fully, and shown such a manner of doing business, we do not think the cause should be reversed on this ground, because, as we have seen, the burden of proof was on the plaintiff, to show that the sale to Allen was not void, and, on this issue, there was a total failure of proof.

AFFIRMED.